KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
JERALD L. MOSLEY, State Bar No. 106072
Supervising Deputy Attorney General
MARK SCHREIBER, State Bar No. 126949
Deputy Attorney General
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 897-2122
 Fax:  (213) 897-1071
 E-mail:  Mark.Schreiber@doj.ca.gov
*Attorneys for Defendants North Kern State Prison,
California Dept. of Corrections and Rehabilitation,
David Singleton, Karen Lias, Rafael Escarega, and
John Katavich*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA--FRESNO

| | |
|---|---|
| **ADAM FAZ,**<br><br>                                  Plaintiff,<br><br>     v.<br><br>**NORTH KERN STATE PRISON, a California State Agency; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, a California State Agency; CORRECTIONAL OFFICER DAVID SINGLETON, an individual; KAREN LIAS, an individual; RAFAEL ESCAREGA, an individual; JOHN KATAVICH, an individual; LYDIA C. HENSE, an individual; and DOES 1 through 25, inclusive.,**<br><br>                                  Defendants. | NO.  1:11-CV-00610-LJO-JLT<br><br>**PROTECTIVE ORDER**<br><br>Judge       The Hon. Jennifer L. Thurston<br>Trial Date    None Assigned<br>Action Filed:  4/15/2011 |

The parties hereto, by and through their respective counsel of record, have entered into a stipulation for the protection of the contents of peace officer personnel files with reference to the following facts:

1

a) Plaintiff Adam Faz was employed as a peace officer by the California Department of Corrections and Rehabilitation. The instant litigation arises out of that employment.

b) As a part of the instant litigation, the parties anticipate that peace officer or custodial officer personnel records and records maintained pursuant to Cal. Penal Code § 832.5 (West 2011) including complaints, complaint investigations, interviews, and records of discipline of peace officers ("the Confidential Information") will be disclosed by the parties. The parties recognize that such documents are considered confidential and privileged pursuant to Cal. Penal Code § 832.7 (West 2011).

c) The parties desire to assure the continuing confidentiality of such peace officer personnel records and for that reason the parties have entered into a stipulation and pursuant to the their request and for good cause shown

**IT IS NOW ORDERED** that the release of the Confidential Information is subject to the following terms:

(1) All parties to whom disclosure is made shall safeguard the Confidential Information and keep it confidential.

(2) The Confidential Information shall not be used for any purpose other than to defend or prosecute the instant action nor shall it be used in any proceeding other than the instant civil action, nor shall it be disseminated, in any form, other than as specified below or by court order.

(3) Under no circumstances shall the Confidential Information either orally, or by written form, be entered into any computer program or database or listed manually in any manual, notebook or other listing. This does not apply to any computer program or case file maintained specifically by counsel of record in this civil action.

(4) Confidential Information that is in documentary form that a party believes qualifies for protection that is produced by a party must be clearly so designated before the information is disclosed or produced, or in the event of an inadvertent disclosure, be so designated promptly after it is initially disclosed. The designation shall be through the use of the words "Confidential" or "Privileged" or a similar clear designation.

(4)(b)  Confidential Information that is in documentary form that is obtained by means of a third party subpoena may be designated as Confidential by any party by means of a written notification mailed within twenty (20) court days after receipt of copies of the documents from the third party to all counsel of record.  The written notification may designate the Confidential Information by reference to bates stamped page numbers.

(4)(c)  Confidential Information that is disclosed in the course of depositions upon oral examination may be preceded by the statement of counsel on the record that the testimony is confidential or privileged.

(5)  Any party may initiate a challenge to a confidential designation.

(5)(a)  A challenge to a confidential designation shall begin with a meet and confer writing followed by a telephonic meet and confer in an attempt to resolve the challenge.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation is not proper and must give the designating party a reasonable time in which to reconsider its designation.  In no event shall a reasonable time be less than ten (10) court days.

(5)(b)  A party who cannot resolve a confidential designation dispute through the meet and confer process may file and serve a motion for a court order deeming the documents or testimony to be not subject to the claim of confidentiality.  The motion shall be brought in accordance with the applicable rules of court, the <u>Federal Rules of Civil Procedure, the Standing Orders of the Court and the Scheduling Order</u> and shall be accompanied by a declaration that affirms that the moving party engaged, in good faith, in the meet and confer process described in paragraph 5(a) above.  The burden of persuasion on any such motion shall be with the party designating the document(s) or testimony as confidential.   The document(s) or testimony shall continue to be deemed Confidential Information until a contrary order of court.

(6) Disclosure of the Confidential Information shall be limited to the personnel and/or classification of persons listed below:

(a) Counsel for parties to this civil action;

(b) Staff personnel employed by counsel for any party to this civil action;

  (c) The court and its personnel, in connection with this civil action;

  (d) Experts, consultants or investigators retained to work on this case by counsel for any party to this civil action.

 (7) Counsel for any party to this civil action and any person disclosing Confidential Information shall advise those individuals to whom disclosure of Confidential Information is made of the contents of this stipulation and any protective order issued thereunder, and such counsel and the disclosing person shall obtain the consent of such prospective recipient that he or she will be bound by this stipulation and any protective order.  In the event such prospective recipient does not consent to be bound by this stipulation and any protective order, no disclosure of the Confidential Information will be made to such individual.

 (8) No recipient of Confidential Information shall refer to the Confidential Information in any other court proceeding absent stipulation of the parties or a court order to the contrary.

 (9) Except for documentation filed under seal by the court, all originals and copies of the Confidential Information shall be returned to counsel for the California Department of Corrections and Rehabilitation by all persons in receipt of the Confidential Information within ten (10) days after final termination of this case, whether such termination occurs by settlement, judgment, dismissal, appeal or otherwise.

 (10) This stipulation and any protective order, and the obligations of all persons subject to it, shall survive the final termination of this case, whether such termination is by settlement, judgment, dismissal, appeal or otherwise, until further stipulation of the parties or order of the court.

 (11) Nothing in this Protective Order is intended to prevent authorized individuals from having access to the Confidential Information to which they would have had access in the normal course of their duties.

 (12) A violation of this order may be punished as contempt of court.

 <u>(13) No documents SHALL be filed under seal except as provided by Local Rules 140 and 141.</u>

## **ORDER**

Based upon the stipulation of the parties, the Court hereby **ORDERS** this protective order, as modified by the Court, into effect.

IT IS SO ORDERED.

Dated:   **September 28, 2011**              **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE