IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM FAZ, | CASE NO. CV-F-11-0610-LJO-JLT |
| Plaintiff, | **ORDER ON DEFENDANTS' MOTIONS TO DISMISS** (Docs. 16, 17) |
| vs. | |
| NORTH KERN STATE PRISON, et al, | |
| Defendants. | |

**INTRODUCTION**

Defendant North Kern State Prison ("Prison"), the California Department of Corrections and Rehabilitation ("CDCR"), and several of its officials and employees[1] seek to dismiss plaintiff, Adam J. Faz', first amended complaint ("FAC"). Defendants have filed two motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). This Court construes the Rule 12(b)(1) motion as part of the Rule 12(b)(6) motion. For the reasons discussed below, this Court DISMISSES all of plaintiff's claims against defendants.

---

[1] In addition to the Prison and CDCR, defendants seeking dismissal are Correctional Officer D. Singleton ("Officer Singleton"), Karen Lias, Rafael Escarega ("Officer Escarega"), John Katavich ("Associate Warden"), Lydia C. Hense ("Warden"), and Does 1 through 25. Officer Singleton, Karen Lias, Officer Escarega, the Associate Warden, and the Warden will be referred to collectively as the "individual defendants." The Prison, CDCR, and the individual defendants will be referred to collectively as "defendants."

1

# BACKGROUND

*Summary*

Plaintiff was previously employed as a correctional officer for the Prison. In June 2006, an inmate was sexually assaulted by his cell mate. Officers Johnson and Singleton knew about the assault but failed to report it. Plaintiff reported the assault. In his report, he included the fact that Officers Johnson and Singleton knew about the assault but failed to report it. Plaintiff proceeds on his FAC to allege generally that:

1. Officers Singleton and Escarega harassed plaintiff because plaintiff reported Officer Singleton's non-reporting;
2. Defendants knew about the ongoing harassment but ignored it or participated in it;
3. The Prison, CDCR, Warden, Associate Warden, and Officer Singleton willfully used the legal process to further their own agenda, *i.e.*, to ensure that their wrongful actions did not come to light.

The FAC alleges:

1. Several tort claims: harassment/retaliation (Count I); conspiracy to commit battery (Count II); intentional infliction of emotional distress (Count III); negligent employment (Count IV); fraud/conspiracy to commit fraud (Count V); conspiracy to commit tortious interference with contract and tortious interference with contract (Count VI); conspiracy to commit libel and libel (Count VII); breach of employment contract (Count VIII); employer's breach of implied covenant of good faith and fair dealing (Count IX); wrongful termination based upon retaliation (Count X); wrongful termination in violation of public policy (Count XI); conspiracy to commit an abuse of process and actual abuse of process (Count XII);
2. Plaintiff is entitled to declaratory relief that the Prison and CDCR violated the Prison Rape Elimination Act of 2003 ("PREA") (Count XIII);
3. Plaintiff is entitled to declaratory relief that he is protected by the Whistleblower Protection Act of 1989 ("WPA") and was entitled to a hearing under the WPA (Counts XIV, XV);

2

    4.      Plaintiff was deprived of his due process rights in property when he was deprived of his position as a correctional officer, in violation of 42 U.S.C. § 1983 (Count XVI);

    5.      Plaintiff was deprived of his due process rights when he was denied a timely hearing on his WPA claims, in violation of 42 U.S.C. § 1983 (Count XVII);

    6.      Plaintiff was deprived of his due process rights when he was not given the opportunity to call witnesses and his questions and arguments were limited at his WPA hearing, in violation of 42 U.S.C. § 1983 (Count XVIII); and

    7.      Plaintiff was deprived of his due process rights when he did not receive a ruling on his WPA claim, in violation of 42 U.S.C. § 1983 (Count XIX).[2]

***General Allegations***

*Allegations Against Officer Singleton*

In June 2006, Plaintiff reported the fact that Officer Singleton, a fellow correctional officer, failed to report the sexual assault of an inmate. As a result of this report, plaintiff was subjected to harassment and retaliation. For instance, numerous pieces of paper with the word "RAT" were found on his locker. In addition, plaintiff's fan was found with the statements "Fag" and "Rat" on it. Inmates repeatedly told plaintiff that Officers Singleton and Johnson were telling them that plaintiff should not be trusted and that he was a valid target for attack.

When plaintiff met with a Sergeant to discuss the harassment, Officer Singleton interrupted the meeting and an argument ensued. The Sergeant refused to write a report regarding the incident. In April 2007, Officer Jimenez reported that he was harassed by Officer Singleton for car pooling with plaintiff. This same month an inmate named Anderson claimed he was solicited by Officer Singleton to assault plaintiff. Around August 2007, plaintiff was harassed by Officer Singleton in the Lieutenant's office while they worked together. A Sergeant witnessed the harassment but was unwilling to write a report due to concerns of retaliation.

*Allegations Against the Prison, CDCR, the Warden, and Associate Warden*

Around December 2006, the Associate Warden was made aware of the harassment and plaintiff

---

[2] In plaintiff's FAC, he incorrectly labels Count XIX as a second Count XVII. This order refers to the FAC's second Count XVII as Count XIX.

was interviewed on two separate occasions by the investigative Lieutenant for the Prison. In April 2007, plaintiff sent a memo to the Warden which described the hostile work environment and expressed concern for his safety. A "Cease and Desist Order" between plaintiff and Officer Singleton was put in place. Despite the "Cease and Desist Order," plaintiff was still forced to work with Officer Singleton. Accordingly, in August 2007 plaintiff wrote a second memo to the Warden. It was around this time that plaintiff sent two additional memos to the Captain regarding the hostile work environment. Shortly, thereafter the Warden issued a memo ordering that plaintiff and Officer Singleton not work the same watch in the same building. Around August 2007, plaintiff sent the Captain an emergency transfer memo. Plaintiff was placed under investigation for allegations of dishonesty and unnecessary force on an inmate.

In October 2007, plaintiff was forced to work with Officer Singleton and was harassed by him again. Plaintiff sent a third memo to the Warden regarding the harassment. In December 2007, plaintiff was forced to work with Officer Singleton again. This same month, the Warden sent an additional memo stating that plaintiff and Officer Singleton were not to work the same facility or building together regardless of staffing needs.

In February 2008, plaintiff's attorney sent a letter to the State Personnel Board Appeals division ("State Personnel Board") asking for a status update on plaintiff's transfer request. Counsel also requested an explanation as to why plaintiff and Singleton were still forced to work together despite the Warden's order that they were not to work together regardless of staffing needs. Counsel also requested an immediate hearing and a copy of the videotape of the inmate who alleged that Officer Singleton solicited him to attack plaintiff.

In March 2008, the Internal Affairs investigation, regarding the allegations that plaintiff was dishonest and used unnecessary force on an inmate, ended. Plaintiff was cleared of all of the allegations. In April 2008, plaintiff filed an emergency transfer request in which he requested a transfer to Wasco State Prison. Plaintiff filed the request as a result of the hostile work environment he was experiencing.

In May 2008, the Warden sent a memo to Wasco State Prison which stated that plaintiff was facing a pending civil action, investigation, and adverse action. The Warden made these statements despite the April 2008 memo that stated there were no pending or prior issues. That same month,

plaintiff learned that the Wasco State Prison discarded his transfer package due to the Warden's memo.

In June 2008, plaintiff's attorney sent an additional letter to the State Personnel Board in which he requested a hearing for a determination as to plaintiff's status as a "whistleblower" under the WPA. No hearing was set. In July 2009, the State Personnel Board determined that plaintiff did not qualify as a "whistleblower" because he only reported Officer Singleton's non-reporting to people within the agency and did not report to an outside agency. Plaintiff filed a petition for rehearing regarding this determination. The petition for rehearing was denied in June 2010. In January 2011, Plaintiff's claim with the Victim Compensation and Claims Board of California was denied.

### *Allegations Against Officer Escarega*

In September 2008, Officer Escarega called plaintiff a rat. The situation escalated and plaintiff struck Officer Escarega. A report was filed regarding the incident and plaintiff was placed on administrative leave. Plaintiff sent a memo to the Investigative Services Unit, reiterating his retaliation claims and their relation to the incident with Officer Escarega. In October 2008, the Internal Affairs Unit found that plaintiff acted unprofessionally when he pushed Officer Escarega. In November 2008, plaintiff's dismissal was finalized and his employment with the Prison was terminated.

## DISCUSSION

### *Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Standards*

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions...amount[ing] to nothing more than a 'formulaic recitation of the elements'...are not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

With these standards in mind, this Court turns to defendants' challenges to the allegations in the FAC.

### *Eleventh Amendment Immunity*

Defendants argue that Counts I-XII and XVI-XIX against the Prison and CDCR should be dismissed because the Prison and CDCR are California State agencies and state agencies are immune from common law tort claims and claims brought under 42 U.S.C. § 1983 ("Section 1983"). (12(b)(6) Motion, p. 12, 14).

According to the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United

States by Citizens of Another State, or by Citizens or Subjects of any Foreign State." The United States Supreme Court has noted: "The [Eleventh] Amendment . . . enacts a sovereign immunity from suit, rather than a nonwaivable limit on the federal judiciary's subject matter jurisdiction." *Idaho v. Couer d'Alene Tribe*, 521 U.S. 261, 117 S.Ct. 2028, 2033 (1997).

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." *Brooks*, 951 F.2d at 1053. The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. *See Puerto Rico Aqueduct*, 506 U.S. at 144, 113 S.Ct. 684.

In particular, the Eleventh Amendment bars:

1. Common law claims, *U.S. v. Solinger*, 457 F.Supp.2d 743, 762 (W.D. Ky. 2006); and
2. Section 1983 claims, *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057 (1978).

In plaintiff's opposition, he argues that the State waived its Eleventh Amendment immunity by giving him a right to sue letter. (Opposition, p. 5). This court rejects this argument because the right to sue letter did not waive the State's immunity. Eleventh Amendment immunity applies unless the State consents to suit in federal court or Congress abrogates the immunity under the Fourteenth Amendment. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). Neither occurred here. Accordingly, plaintiff is barred from pursuing his common law tort and Section 1983 claims against the Prison and CDCR. This Court dismisses with prejudice Counts I-XII and XVI-XIX against the Prison and CDCR.

### *Declaratory Relief: PREA*

Defendants argue that Count XIII should be dismissed for two reasons. First, defendants argue that there is no private right of action under the PREA. (12(b)(1) Motion, p. 5). The PREA was enacted to study the problem of prison rape. *Law v. Whitson*, 2009 WL 5029564, *4, (E.D. Cal. 2009). Nothing in the Act suggests that it created a private right of action. *Id*. Accordingly, the PREA does not create a private right of action and plaintiff is barred from seeking declaratory relief under the Act. *Id*.; *Inscoe v. Yates*, 2009 WL 3617810, *3 (E.D. Cal. 2009).

Second, defendants argue that no actual controversy exists because plaintiff is no longer employed by the CDCR. (12(b)(6) Motion, p. 11-12). "A court may, in an actual controversy, declare the rights and obligations of the parties." *Yahoo! Inc. v. La Ligue Le Racisme Et L'Antisemitisme*, 379 F.3d 1120, 1127 (9th Cir. 2004) (internal quotation marks and citations omitted). "The Declaratory Judgment Act's actual controversy requirement is analyzed just as in constitutional cases involving questions of actual controversy. The controversy must be definite and concrete, not merely hypothetical or abstract. The dispute must be subject to specific, conclusive relief, not advisory in nature." *Id*. (internal quotation marks and citations omitted).

Plaintiff alleges that he is an interested party regarding the PREA, because as a correctional officer, he was "delegated the duty to perform the direct application of the standards prescribed by the Act." (FAC, p. 25). The FAC also provides however, that the termination of plaintiff's employment as a correctional officer with the CDCR was finalized in November 2008. (FAC, p. 13). Plaintiff's request for declaratory relief does not present an actual controversy because plaintiff is no longer employed by the CDCR. Thus, plaintiff is no longer an interested party. *See Yahoo! Inc.*, 379 F.3d at 1127. Accordingly, this Court dismisses with prejudice Count XIII.

### *Declaratory Relief: WPA*

Defendants argue that Counts XIV and XV should be dismissed for two reasons. First, defendants argue that the WPA only applies to certain federal employees and plaintiff is not a federal employee thus, the WPA does not apply to him. (12(b)(1) Motion, p. 6)

"The Whistleblower Protection Act of 1989, was created to improve protection from reprisal for federal employees who disclose, or blow the whistle on, government mismanagement, wrongdoing, or fraud." *Knollenberg v. Merit Systems Protection Bd.*, 953 F.2d 623, 625 (Fed. Cir. 1992) (internal quotation marks and citations omitted); *see also Negron-Santiago v. San Cristobal Hosp.*, 764 F. Supp. 2d 366, 370 (D. Puerto Rico 2011) ( "The Whistleblower Protection Act of 1989, by its terms, applies only to federal employees.").

Plaintiff was previously employed by the North Kern State Prison as a Correctional Officer. (FAC, p. 3). Plaintiff was a State rather than federal employee thus, the WPA does not apply to him. *See Knollenberg*, 953 F.2d at 625.

Second, defendant argues that plaintiff failed to exhaust his judicial remedies by filing a petition for a writ of mandamus in state superior court. (12(b)(6) Motion, p. 13-14). Under California law, if a plaintiff wishes to attack an administrative determination he must first file a writ under California Code of Civil Procedure § 1094.5. *Knickerbocker v. City of Stockton*, 199 Cal. App. 3d 235, 243 (3rd Dist. 1988). California courts classify this writ as a "condition precedent to [the] filing [of] a complaint for damages." *Id*. The California courts have also stated that "[u]nless a party . . . challenges the agency's adverse findings made in that proceeding, by means of a mandate action in superior court, those findings are binding in later civil actions." *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 69-70 (2000). "Exhaustion of *judicial* remedies . . . is necessary to avoid giving binding effect to the administrative agency's decision, because that decision has achieved finality due to the aggrieved party's failure to pursue the exclusive *judicial* remedy for reviewing administrative action." *Id*. at 70.

The FAC alleges that defendants failed to find properly that plaintiff was entitled to a hearing under the Whistleblower Act (Count XIV) and failed to find properly that he was entitled to the protections of the Whistleblower Act (Count XV). (FAC, p. 26-28). Plaintiff does not allege that he filed a writ, under California Code of Civil Procedure § 1094.5 with the California Superior Court before pursing his claim. Accordingly, this Court dismisses Counts XIV and XV with prejudice.

### *Procedural Due Process*

Defendants' argue that Counts XVI, XVII, XVIII, and XIX against the individual defendants should be dismissed because plaintiff has failed to allege facts showing that he was deprived of a constitutionally protected interest. (12(b)(1) Motion, p. 7-8). This argument relates to plaintiff's allegations that he was wrongfully deprived of his due process rights in property, the property being his position as a Correctional Officer for the CDCR (Count XVI) and his alleged status as a whistleblower (XVII, XVIII, and XIX). Plaintiff brings both claims pursuant to 42 U.S.C. § 1983.

"A § 1983 action may be brought for a violation of procedural due process . . .In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (internal citations omitted). To state a section 1983 claim based on procedural due process, a plaintiff must allege: (1) deprivation

of a constitutionally protected liberty or property interest; and (2) a denial of adequate procedural protections. *Brewster v. Bd. of Educ. of Lynwood Unified School Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

Defendants challenge the FAC's failure to plead a protected interest. (12(b)(1) Motion, p. 7-8). In *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972), the U.S. Supreme Court explained the source and nature of constitutionally cognizable property interests:

> Property interests . . . are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

With regard to plaintiff's claim that he was wrongfully deprived of his due process rights in property, the property being his position as a Correctional Officer for the CDCR (Count XVI), plaintiff has failed to allege facts sufficient to state a procedural due process claim. Under California law, an employee's term of employment, when not specified in an employment contract or other document or oral agreement, is considered a term that may be terminated "at will" by either party. Cal. Labor Code, § 2922 ("An employment, having no specified term, may be terminated at the will of either party on notice to the other."). "Where state employees serve at the will of the appointing authority, however, there is no such reasonable expectation of continued employment, and thus no property right." *Brady v. Gebbie*, 859 F.2d 1543, 1548 (9th Cir. 1998). Nothing in the FAC alleges that plaintiff was anything but an "at will" employee for the CDCR. Accordingly, plaintiff failed to allege facts sufficient to state a procedural due process claim against the individual defendants. Count XVI against the individual defendants is dismissed with prejudice.

With regard, to plaintiff's claim that he was wrongfully deprived of his due process rights when defendants refused to give him a WPA hearing in a timely manner (Count XVII), gave him an unfair hearing (Count XVIII), and refused to make a finding (Count XIX); plaintiff has failed to allege facts sufficient to state a procedural due process claim. "The Whistleblower Protection Act of 1989, was created to improve protection from reprisal for federal employees who disclose, or blow the whistle on, government mismanagement, wrongdoing, or fraud." *Knollenberg v. Merit Systems Protection Bd.*, 953 F.2d 623, 625 (Fed. Cir. 1992) (internal quotation marks and citations omitted); *see also Negron-*

*Santiago v. San Cristobal Hosp.*, 764 F. Supp. 2d 366, 370 (D. Puerto Rico 2011) ( "The Whistleblower Protection Act of 1989, by its terms, applies only to federal employees."). Plaintiff was previously employed by the North Kern State Prison as a Correctional Officer. (FAC, p. 3). Plaintiff was a State rather than federal employee thus, the WPA does not apply to him. *See Knollenberg*, 953 F.2d at 625. Accordingly, plaintiff was never entitled to a WPA hearing.

This Court dismisses Counts XVI, XVII, XVIII, and XIX against the individual defendants with prejudice.

### *Tort Claims Against Individual Defendants*

A district court may "decline to exercise supplemental jurisdiction over a claim" when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, n. 7, 108 S.Ct. 614 (1988). In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-727, 86 S.Ct. 1130 (1996), the U.S. Supreme Court further explained:

> It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals. There may, on the other hand, be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong. . . . Finally, there may be reasons independent of jurisdictional considerations, such as the likelihood of jury confusion in treating divergent legal theories of relief, that would justify separating state and federal claims for trial, Fed.Rule Civ.Proc. 42(b). If so, jurisdiction should ordinarily be refused.

"While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions of § 1367(c), it is informed by *Gibbs* values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

With dismissal of claims giving rise to this Court's original jurisdiction, this Court declines to exercise supplemental jurisdiction over Counts I-XII against the individual defendants. *See* 28 U.S.C. § 1367(c)(3). This Court sees no grounds to hold on to the remaining claims against the individual defendants involving substantially predominate state issues. As such, this Court dismisses without prejudice Counts I-XII against the individual defendants.

**CONCLUSION AND ORDER**

For the foregoing reasons, this Court GRANTS defendants' motion to dismiss and DISMISSES plaintiffs' claims as noted above. This Court DIRECTS the clerk to enter judgment in favor of defendants and against plaintiff and to close this action.

IT IS SO ORDERED.

**Dated:    September 28, 2011**          /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE